UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
SAUNDRA V. WHITE,

                        Plaintiff,

                    v.                            5:07-CV-0349 (NPM)(GJD)

WACKENHUT SECURITY CONTRACTORS, *et al.*,

                        Defendants.
_____
APPEARANCES:

SAUNDRA V. WHITE
Plaintiff, *pro se*

NEAL P. McCURN
SENIOR U.S. DISTRICT COURT JUDGE

## DECISION and ORDER

      By Decision and Order filed May 16, 2007, this Court ruled that the original pleading filed by *pro se* plaintiff Saundra V. White failed to state a claim upon which relief could be granted. Dkt. No. 4.[1] In light of her *pro se* status, Plaintiff was afforded an opportunity to file an amended complaint. *Id*. at 6.

      Plaintiff duly filed an amended complaint on July 16, 2007. Dkt. No. 10. On August 10, 2007, Plaintiff submitted a second amended complaint. Dkt. No. 11. This pleading consists of the first amended complaint together with an eight-page supplemental submission. *Id*. Plaintiff's second amended complaint (Dkt. No. 11) is presently before this Court for consideration.[2]

      In its prior Decision and Order, the Court determined that Plaintiff's original complaint was legally insufficient because it did not clearly state specific allegations of misconduct or wrongdoing

---

[1] Plaintiff's *in forma pauperis* application was granted. *Id*. at 6.

[2] The Clerk is directed to strike the first amended complaint (Dkt. No. 10) from the docket.

against each individual Defendant or what specific constitutional rights Plaintiff believes were violated by each Defendant. Plaintiff was specifically advised that her amended complaint must identify **specific actions by specific individuals** which violated her constitutional rights. Plaintiff was directed to indicate, for each allegation, (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of **each and every individual** who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the **nexus between such misconduct and Plaintiff's civil and/or constitutional rights**.

Upon review of Plaintiff's second amended complaint, the Court finds that she has failed to cure the deficiencies discussed by the Court in its prior Decision and Order. As in her original complaint, Plaintiff claims that her constitutional rights were violated by the actions of security personnel working at the James Hanley Federal Building in Syracuse, New York on June 9, 2006.[3] Plaintiff states that she arrived at the building at approximately 4 p.m. intending to deliver papers to the Office of the Clerk of this Court in an unrelated action. Plaintiff states that she was told that the Clerk's Office was closed and that the documents had to be examined and stamped by security personnel before she could leave them in the Clerk's Office. Plaintiff apparently refused to permit inspection of the documents and instead went to several other offices in the building seeking information regarding this policy. Plaintiff claims that she was "verbally harassed and followed without reasonable suspicion or probable cause." Dkt. No. 11 at 3. Plaintiff also claims that she suffered "unreasonable intrusion upon seclusion by mail tampering and wire tapping," and seeks to recover damages for emotional pain and suffering under the Federal Tort Claims Act. *Id*. at 11. For

---

[3] As stated in the original complaint, security is provided by employees of Wackenhut Security Contractors. Plaintiff mistakenly refers to this entity in her amended complaint as "Wackenfield" Security Contractors.

a complete statement of Plaintiff's claims, reference is made to the second amended complaint.

The allegations in the amended complaint do not differ in any material respect from those in Plaintiff's original pleading and state only conclusory claims of alleged misconduct by unidentified individuals which are not sufficient to state a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff does not claim that her documents were confiscated or that any adverse actions was taken against her by the security officers. Neither does Plaintiff claim that her inability to file documents with the Court on June 9, 2006 had an adverse affect on that litigation.[4] Moreover, even assuming, *arguendo*, that Plaintiff was verbally harassed, the amended complaint nevertheless fails to state a claim upon which relief may be granted by this Court. A civil rights suit is not designed to rectify verbal abuse, and it is well-settled that words alone, no matter how inappropriate and reprehensible, do not rise to the level of a constitutional violation. *See, e.g.*, *Moncrieffe v. Witbeck*, No. 97-CV-253, 2000 WL 949457 *3 (N.D.N.Y. June 29, 2000) (Mordue, J.); *Alnutt v. Cleary*, 913 F.Supp. 160, 165-66 (W.D.N.Y. 1996). Insofar as Plaintiff now purports to assert claims against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq*. ("FTCA"), because it does not appear that Plaintiff pursued her claim administratively before commencing this action, this aspect of her second amended complaint must be dismissed as premature. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993).[5]

---

[4] A supplemental *in forma pauperis* application and motion for counsel, bearing the signature date of June 9, 2006 and also bearing a date of June 30, 2006, were filed by Plaintiff in *White v. Verizon*, 5:06-CV-0617 on June 30, 2006. Dkt. Nos. 5 and 6. Plaintiff's *in forma pauperis* application in that action was granted by Order filed July 18, 2006. Dkt. No. 7.

[5] Under the FTCA, a claim against the United States for money damages cannot be instituted unless the claimant has first exhausted all administrative remedies. *Id*.

3

For the reasons set forth above and in the Court's prior Decision and Order, Plaintiff's second amended complaint, as drafted, fails to state a claim upon which relief may be granted, and is hereby dismissed.

Accordingly, based upon the foregoing, it is hereby

ORDERED, that this action is dismissed due to Plaintiff's failure to state a claim upon which relief can be granted, and it is further

ORDERED, that the Clerk serve a copy of this Decision and Order on Plaintiff.

IT IS SO ORDERED.

Dated: August 20, 2007

_____
Neal P. McCurn
Senior U.S. District Judge